Howard T. Hogan, J.
This application to condemn is opposed by the reputed owner of Damage Parcels 7, 7 X and 7 WE to the extent that objection is made to the county’s determination to take an excess land parcel (7 X).
The purpose of the taking is to widen and realign Shore Road in the Incorporated Village of Port Washington North. The area to be actually acquired for the road widening purposes in the vicinity of the subject parcel consists of a strip of land in the southwesterly curvature of the road some 550 feet in length and ranging in depth from 6 inches to 6.2 feet.
The greatest depth of the proposed acquisition, the 6.2 feet, occurs toward the middle of the curvature, and there affects the parcel now in controversy.
Damage Parcel 7, which is a strip that would be used as part of the underlying highway, contains 484 square feet. Lying within that area is a portion of a frame building 40 to 50 years of age which has been, within the past year or two, damaged by fire.
The structure itself is erected over a portion of the bed of Manhasset Bay and supported totally by naked pilings. It is this structure and the land thereunder which constitute Parcel 7 X.
In its earlier decision setting this matter for a hearing, the court reviewed the limited powers which are afforded courts generally to review a legislative determination to condemn.
Certainly, road widening is a public purpose, and the scope of the project to encompass excess land is generally within the framework of legislative discretion.
*191 A civil engineer employed by the county testified as to three reasons for acquiring the excess parcel. These involve a determination that proper alignment of the road requires the removal of a section of the building, that the change of grade of the new road would be raised eight inches above the level of the existing floor of the building and that a culvert existing adjacent to the northerly end of the building would require replacement. Moreover, the effect of such heavy construction, in the County Engineer’s opinion, would cause damage to the structure possibly to the point that the building would collapse.
He testified, on cross-examination, that the erection of a retaining wall might render the existing structure stable enough to survive the projected work, though the installation of the wall itself might generate substantial damage.
The reputed owner called an engineer who has been familiar with the subject parcel for four years, during which time 30 or 40 new piles were installed for the support of the structure.
He testified that the installation of either another row of pilings or a concrete retaining wall would enable the building to withstand the rigors of the construction.
It is possible that proper steps could be taken to protect the building. The reputed owner, in fact, has offered on the record to take such steps at his own expense.
However, whether or not such an arrangement could be effected between the condemnor and condemnee is not in the province of this court.
The municipality has great latitude in determining the question of necessity (Society of New York Hosp. v. Johnson, 5 N Y 2d 102). The court finds that, on this record, there is ample basis for the county’s determination to take this excess parcel.
The objections to the application to condemn must be overruled.
The County Attorney is instructed to submit an order vesting title as prayed for in the petition.